OPINION OF THE COURT
Per Curiam.
The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition dated February 29, 2008, containing five charges of professional misconduct. After a pretrial conference and a hearing, the Special Referee sustained all five charges. The Grievance Committee now moves to confirm the Special Referee’s report and to impose such discipline upon the respondent as the Court may deem just and proper. The respondent’s counsel has submitted an affirmation in reply in which he does not oppose the Grievance Committee’s motion, but asks the Court to consider the mitigating factors proffered by the respondent and to exercise mercy in its administration of justice.
Charge one alleges that the respondent violated his fiduciary obligations by failing to maintain and preserve funds belonging to another person which were entrusted to him, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]).
The respondent represented Nigel Lewis and Verleen Lewis, sellers of real property in Newburgh, in or about June 2005. On or about June 1, 2005, the respondent was entrusted as fiduciary with the sum of $19,000 from the purchaser by check made payable to him as attorney. This sum was to have been held by the respondent in escrow until proper disbursement at the closing on July 15, 2005. The respondent deposited the Lewis down payment into his attorney trust account on June 16, 2005.
The balance in the respondent’s attorney trust account after that deposit was $19,049.50. The respondent failed to preserve the Lewis down payment between June 16, 2005 and July 15, *157 2005, as evidenced by the following balances in his attorney trust account of $18,299.50 on July 7, 2005 and $16,299.50 on July 13, 2005.
Charge two alleges that the respondent misappropriated funds belonging to another person and entrusted to him, by withdrawing funds from his attorney trust account for his personal use, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]).
On July 7, 2005, the respondent issued a check from his attorney trust account payable to “Stafford Byers” in the amount of $750. That check was posted to the account on July 7, 2005. The respondent issued the aforesaid check for his personal use unrelated to any client matter. The funds were drawn against money being held by the respondent in escrow, as fiduciary, in relation to the Lewis transaction.
Charge three alleges that the respondent commingled personal funds with funds belonging to another person, by depositing personal funds into his attorney trust account, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]).
On or about July 8, 2005, the respondent received legal fees of $1,300 from his client Ivylyn D. Davis-Bell. He deposited those fees into his attorney trust account.
On or about July 13, 2005, the respondent received legal fees of $250 from another client, Geraldine Barrows. He deposited those fees into his attorney trust account.
On or about July 25, 2005, the respondent received a fee of $300 from Shiloh Seventh Day Adventist Church for a speaking engagement. He deposited that fee into his attorney trust account as well.
Charge four alleges that the respondent failed to make accurate entries of all financial transactions connected to his attorney trust account in a ledger or similar record, at or near the time of the act, condition or event recorded, in violation of Code of Professional Responsibility DR 9-102 (d) (9) (22 NYCRR 1200.46 [d] [9]).
Between June 2005 and October 2005, inclusive, the respondent failed to make or maintain accurate entries of all financial transactions connected to his attorney trust account in a ledger or other similar record, at or near the time of the act, condition, or event recorded.
Charge five alleges that the respondent engaged in conduct that adversely reflects on his fitness as an attorney by (1) *158 violating his fiduciary obligations by failing to maintain and preserve funds belonging to another person, entrusted to him in escrow, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]), (2) misappropriating funds belonging to another person, entrusted to him in escrow, for his personal use, by withdrawing funds from his attorney trust account, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]), (3) commingling personal funds with funds belonging to another person, entrusted to him in escrow, by depositing personal funds into his attorney trust account, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]), and (4) failing to make accurate entries of all financial transactions in a ledger or similar record, at or near the time of the act, condition, or event recorded, in violation of Code of Professional Responsibility DR 9-102 (d) (9) (22 NYCRR 1200.46 [d] [9]).
This charge is predicated upon the factual specifications set forth in charges one through four.
Based on the respondent’s admissions and the evidences adduced, the Special Referee properly sustained all five charges and the Grievance Committee’s motion to confirm is granted.
In determining an appropriate measure of discipline to impose, we have considered the substantial mitigating factors, including the respondent’s previously unblemished record, the lack of economic harm to any client, the respondent’s sincere remorse, the positive character evidence submitted, the prompt remedial measures undertaken and, as the Special Referee noted, the fact that the underlying events took place over a limited period during which the respondent was experiencing medical problems and adverse reactions to prescribed medications. Under the circumstances, the respondent is suspended for a period of one year.
Prudenti, P.J., Mastro, Rivera, Spolzino and Fisher, JJ., concur.
Ordered that the Grievance Committee’s motion to confirm the Special Referee’s report is granted; and it is further,
Ordered that the respondent, Stafford Henderson Byers, is suspended from the practice of law for a period of one year, commencing September 11, 2009, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory *159 proof that during the said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (3), and (4) otherwise properly conducted himself; and it is further,
Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Stafford Henderson Byers, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if the respondent, Stafford Henderson Byers, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).